UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| First Data Merchant Services Corporation, a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>Community Finance Group, Inc., a Minnesota corporation,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Court File No.: 09-539 DSD/FLN<br><br>**AFFIDAVIT OF JOHN COLLINS** |

STATE OF NEW YORK   )
                                       ) ss.
COUNTY OF SUFFOLK   )

JOHN COLLINS, being first duly sworn, deposes and states that the following is based upon his personal knowledge:

1. I am the Vice President of Collections for First Data Merchant Services Corporation ("FDMS") and am authorized to make this affidavit on its behalf.

2. In my capacity as Vice President of Collections, I have contracted with certain collection agencies to pursue, among other things, credit card chargebacks that merchants have failed to pay FDMS as otherwise required under the applicable merchant services agreement.

3. On or about, February 23, 2005, FDMS contracted with NCO Financial Systems, Inc. n/k/a Transworld Systems ("Transworld") for the purpose of collecting debt owed to FDMS (the "Collection Agreement"). A true and correct copy of the Collection Agreement is attached hereto as Exhibit "A".

412062.1

4. Debt items are assigned to Transworld on a systemic basis after an item remains open for a certain period of time.

5. Section 2(g) of the Collection Agreement permits Transworld to settle an account receivable without FDMS' written consent only if the amount of the debt is less than or equal to $12,000.00 and the compromised or settled amount is not less than 75% of the account receivable principal balance.

6. Notwithstanding the fact that the Community Finance Group, Inc. ("CFG") chargeback and related fees in the amount of $103,244.65 were the subject of ongoing litigation (the "chargeback"), the FDMS collection system referred the chargeback to Transworld.

7. In accordance with Section 2(g) of the Collection Agreement and in light of the chargeback amount, Transworld lacked any authority to settle the chargeback without FDMS' written consent.

8. At no time did Transworld seek or obtain the written consent of FDMS to settle the chargeback.

9. As a result, Transworld wrote to CFG on September 16, 2009 and repudiated any settlement offer that it may have made to CFG. A true and correct copy of

the September 16, 2009 letter from Transworld to CFG is attached hereto as Exhibit "B".

FURTHER YOUR AFFIANT SA YETH NOT.

| | |
|---|---|
| Dated:  October 19, 2009 | **s/John Collins**<br>John Collins |

Subscribed and sworn to before me
this 19th day of October, 2009.

**s/Courtney G. Robinson**
NOTARY PUBLIC
State of New York
No. 01R06083129
Qualified in Nassau County
My commission expires:  November 12, 2010